IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLEN FUESTING, JONATHAN SAVAGE, JOSHUA GEHRIG and LAURIE GARZA, | ) ) ) |
| Plaintiffs, | ) No. 13 C 7082 |
| v. | ) ) Judge Robert W. Gettleman |
| ULINE, INC., a Delaware Corporation, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Allen Fuesting, Jonathan Savage, Joshua Gehrig, and Laurie Garza have sued defendant Uline, Inc., alleging on sexual harassment, a hostile work environment, and retaliation in violation of Title VII, 42 U.S.C. § 2000(e), et seq.; violations of the Illinois Gender Violence Act ("IGVA"), 740 ILCS 82/1, et seq.; and state law claims for negligent hiring, supervision, and retention. Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts III, IV, VII, VIII, X, XI, XIII, and XIV for failure to state a claim upon which relief can be granted. These eight counts involve all claims under the IGVA and the state law claims for negligent hiring, supervision, and retention. For the reasons stated below, defendant's motion to dismiss is granted in part and denied in part.

**BACKGROUND**[1]

Plaintiffs are all former employees of defendant. Defendant is a corporation that manufactures and distributes office supplies nationwide. Defendant also employed Scott Zingsheim, a Warehouse Manager, and Jim Small, a Warehouse Department Manger.

---

[1]The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

The complaint alleges that both Zingsheim and Small sexually harassed plaintiffs by repeatedly groping and improperly touching them. Zingsheim engaged in additional acts of harassment, which include: thrusting his groin and a radio antennae into Fuesting's and Savage's buttocks, respectively; placing his genital area against Gehrig's and Garza's buttocks and simulating a sexual movement; and lifting Garza's shirt.

Each plaintiff made clear to Zingsheim and Small that this behavior was unwelcome. Each plaintiff complained to members of management, including, in at least one instance, Dick Uihlein, the CEO. Each plaintiff also emailed complaints to various members of management. On March 19, 2012, Savage emailed Connie Voeller, a Human Resources Representative. A few weeks later, Garza emailed Danielle Gough, the Human Resources Director. Three days after that, Fuesting emailed Voeller. Eight days later, Gehrig emailed Voeller, Gough, and Brad Harper, a Branch Manager. After these complaints, defendant allegedly took no corrective actions.

Plaintiffs allege that Zingsheim also sexually harassed at least one other employee who notified defendant. In early 2009, Jonathan Marsden, an "Assistant UPS Manager" for defendant, complained to his superiors about Zingsheim's behavior. On April 25, 2012, Marsden also emailed a complaint to defendant's Human Resources Department and Branch Manager. Marsden is not a plaintiff in the instant case.

Defendant terminated both Fuesting and Savage about a month after they complained to Voeller. Gehrig was constructively discharged about three months after he complained.

**DISCUSSION**

Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts III, IV, VII, VIII, X, XI, XIII, and XIV of plaintiffs' complaint for failure to state a claim upon which relief can be granted. In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive such a motion, the complaint must allege sufficient facts that, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Twombly, 550 U.S. at 555. To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant first argues that plaintiffs' IGVA claims—Counts III, VII, X, XIII—should be dismissed because the IGVA does not recognize corporate or respondeat superior liability. The IGVA provides a cause of action against "a person or persons perpetrating . . . gender-related violence." 740 ILCS 82/10. Perpetrating "means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence." Id. (emphasis added).

In interpreting the IGVA, this court must apply the law "as it believes the highest court of the state would apply it if the issue were presently before that tribunal." State Farm Mut. Auto. Ins. Co. v. Pate, 275 F.3d 666, 669 (7th Cir. 2001). Because the Illinois Supreme Court has not decided whether a corporation is a "person" under the IGVA, "the rulings of the state

3

intermediate appellate courts must be accorded great weight." Id. Here, though, the decisions of the Illinois Appellate Court cannot be relied upon. None of the three Illinois appellate decisions dealing with the IGVA and corporate defendants "have . . . squarely addressed" whether such defendants are "persons" under the IGVA. Doe ex rel. Smith v. Sobeck, 941 F. Supp. 2d 1018, 1026 (S.D. Ill. 2013). Presumably for this reason, neither party in the instant case relies significantly on Illinois appellate decisions. Therefore, an analysis consistent with "traditional statutory interpretation principles" is the best predictor of how the Illinois Supreme Court would rule. See id. (noting that the Illinois Supreme Court "would surely observe" such principles).

When interpreting a statute, the court's "primary objective . . . is to give effect to the intent of the legislature[.]" In re Madison H., 830 N.E.2d 498, 503 (Ill. 2005). The "best indicator of legislative intent" is "the plain meaning of the statutory language." Ready v. United/Goedecke Servs., Inc., 905 N.E.2d 725, 740 (Ill. 2008) (citing Michigan Avenue National bank v. County of Cook, 732 N.E.2d 528 (2000)). Statutory language "should not be considered in isolation," but, instead, must be read in context. Cnty. of Du Page v. Illinois Labor Relations Bd., 900 N.E.2d 1095, 1101 (Ill. 2008). When the statutory language is clear, the "plain and ordinary meaning must be given effect without resorting to other aids of construction." Bailey v. Illinois Liquor Control Comm'n, 938 N.E.2d 629, 634 (Ill. App. Ct. 2010) (quoting In re Marriage of Beyer, 735 N.E.2d 1032, 1032 (2001)). Statutes should, whenever possible, not be read so as to make a word, clause, or sentence "superfluous." Sylvester v. Indus. Comm'n, 756 N.E.2d 822, 827 (Ill. 2001) (citing McNamee v. Federated Equipment & Supply Co., 692 N.E.2d 1157 (Ill. 1998)). Statutes also must be read reasonably to avoid "absurdity, inconvenience, or

4

injustice." Id. (citing Michigan Avenue National Bank v. County of Cook, 732 N.E.2d 528 (Ill. 2000)).

A statutory analysis consistent with the above principles demonstrates that the IGVA's cause of action cannot be brought against corporations. "[T]he plain and ordinary meaning of the term 'person' is 'an individual human being." People v. Christopherson, 899 N.E.2d 257, 260 (Ill. 2008) (quoting People v. Christopherson, 879 N.E.2d 1035 (Ill. App. Ct. 2007)) (internal quotation marks omitted). Absent a more expansive statutory definition of the word, "person" does not generally include legal entities within its meaning. Fayfar v. CF Mgmt.-IL, LLC, 2012 WL 6062663, at *1 (N.D. Ill. Nov. 4, 2012). Consistent with this presumption, the Illinois legislature has, in the past, expressly indicated when it intends "person" to have a broader meaning. See id. at *2 ("It appears that when the Illinois legislature intends the statutory term "person" to include legal entities other than individuals, it defines the term in that way"); Fleming v. Fireside W., LLC, 2012 WL 6604642 , at *3 (N.D. Ill. Dec. 18, 2012) ("[I]n other instances when the Illinois legislature has included business entities within the scope of the term 'person,' it has done so expressly").

In addition to the plain and ordinary meaning of "person," the context surrounding the word in the IGVA also indicates that corporations are not included in its meaning. In the IGVA, the word "perpetrating" immediately follows the phrase "person or persons." Perpetrating "means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence." 740 ILCS 82/10 (emphasis added). Corporations cannot act "personally" because they act through their agents; thus, they cannot "perpetrate" under the IGVA. Sobeck, 941 F. Supp. 2d at 1026; Fayfar, 2012 WL 6062663, at

5

\*2; Fleming, 2012 WL 6604642, at \*3; Flood v. Washington Square Rest., Inc., 2012 WL 6680345, at \*3 (N.D. Ill. Dec. 21, 2012). Because a corporation cannot "perpetrate," it cannot be a "person" under the IGVA. A contrary conclusion would violate fundamental principles of statutory interpretation. A corporation could not be held liable under the IGVA unless "perpetrate" was read to be "meaningless surplusage." Sobeck, 941 F. Supp. 2d at 1027. To find a corporation was a "person" but could never be held liable under the IGVA would "be absurd." Id. at 1026. Thus, the statutory context also shows that corporations cannot be a "person" under the IGVA.

Plaintiffs attempt to refute the above conclusion by relying on the Statute on Statutes, 5 ILCS 70/1, and two cases where IGVA claims against corporations were allowed, Cruz v. Primary Staffing, Inc., 2011 WL 1042629 (N.D. Ill. Mar. 22, 2011), and Smith v. Rosebud Farmstand, 909 F. Supp. 2d 1001 (N.D. Ill. 2012). The Statute on Statutes states that "person" "may extend and be applied to bodies . . . corporate[.]" 5 ILCS 70/1.05. This "does not mean that ['person'] must or even that it usually does" extend to corporations, only that it "may." Fleming, 2012 WL 6604642, at \*4. "Person," though, is "construed as applying to corporations and bodies politic as well unless the context, language, or legislative history indicates otherwise." McCaleb v. Pizza Hut of Am., Inc., 28 F. Supp. 2d 1043, 1049 (N.D. Ill. 1998). Here, the language indicates otherwise because the plain and ordinary meaning of "person" does not include corporations. Further, the context discussed above is "sufficient to overcome the presumption under the Statute on Statutes that the term 'person' includes corporations." Flood, 2012 WL 6680345, at \*3. Therefore, the Statute on Statutes does not control the meaning of "person" in the IGVA.

6

Cruz and Smith also provide no guidance for the instant case. Neither of these opinions "reached a considered conclusion about whether corporate entities can be liable under the IGVA." Fleming, 2012 WL 6604642, at *3; see also Sobeck, 941 F. Supp. 2d at 1027 ("Neither attempted the statutory interpretation task as directed by the Illinois Supreme Court"). In fact, it "does not appear . . . that the defendant in Cruz argued that the statutory language does not permit claims against legal entities[.]" Fayfar, 2012 WL 6062663, at *3. Instead, Cruz focused on whether the complaint was sufficiently detailed. Cruz, 2011 WL 1042629, at *1. Likewise, in Smith, the court noted, "It is less clear whether [the corporate defendant] is susceptible to liability, but once again Defendants provide the Court with minimal support for dismissal." Smith, 909 F. Supp. 2d at 1009. About a month after the Smith opinion was issued, its author determined a corporation is not a "person" under the IGVA in Fleming.

The plain meaning and context of the IGVA both indicate that a corporation is not a "person." Thus, the court concludes that the IGVA's cause of action does not extend to corporations. Defendant's motion to dismiss is granted with respect to Counts III, VII, X, XIII. Defendant next argues that plaintiffs' negligent hiring, supervision, and retention claims—Counts IV, VIII, XI, XIV—should be dismissed because they are preempted by their Title VII claims for sexual harassment.

Although the claims for negligent hiring, supervisions, and retention vary slightly among the plaintiffs, the relevant allegations are the largely the same. Plaintiffs allege that Zingsheim and Small assaulted and battered plaintiffs. Plaintiffs claim that defendant was negligent in failing to conduct background checks for and make appropriate reference checks on Zingsheim and Small. Plaintiffs also claim that defendant was negligent in failing to supervise, investigate,

7

terminate, and discipline Zingsheim and Small. Finally, plaintiffs claim that defendant was negligent in failing to warn and protect plaintiffs from Zingsheim and Small. Essentially, these allegations, as plaintiffs stated in their response brief, concern "[d]efendant's negligence in its failure to prevent [p]laintiffs' supervisors' atrocious acts of assault and battery."

Defendant agues that plaintiffs' negligence claims are preempted by the Illinois Human Rights Act ("IHRA"). The IHRA provides that " [e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(D). This provision "preempts all other state law claims that are inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." Doe v. Toys R Us, 2010 WL 3168299, at *4 (N.D. Ill. Aug. 5, 2010) (quoting Maksimovic v. Tsogalis, 687 N.E.2d 21, 23 (Ill. 1997)) (internal quotation marks omitted). Under the IHRA, sexual harassment by an employer or employee is a civil rights violation. Luttrell v. O'Connor Chevrolet, Inc., 2001 WL 1105125, at *2 (N.D. Ill. Sept. 19, 2001) (citing 775 ILCS 5/2-102(D)).

Claims are inextricably linked where a plaintiff cannot "establish the necessary elements of the tort independent of any legal duties created by the" IHRA. Maksimovic, 687 N.E.2d at 24. This test does not turn on "whether the facts of the case contain allegations of sexual harassment" or any other civil rights violation. Luttrell, 2001 WL 1105125, at *3; see Naeem v. McKesson Drug Co., 444 F.3d 593, 604 (7th Cir. 2006) (noting that the proper inquiry is not whether the same facts support both claims); Alford v. Aaron Rents, Inc., 2011 WL 1671537, at *9 (S.D. Ill. May 3, 2011) (explaining the issue is "not whether the facts that support the tort claim 'could also have supported a discrimination claim'") (quoting Naeem, 444 F.3d at 604)

8

(emphasis in original); Jaslowski v. Cello P'ship, 2002 WL 31085092, at *4 (N.D. Ill. Sept. 17, 2002) (explaining that a battery claim based on acts of sexual harassment was not preempted). Preemption occurs only where the state law claim is not supported by a legal duty that is independent of the IHRA. Maksimovic, 687 N.E.2d at 23-24. Therefore, to the extent a plaintiff's claims are based on "allegations of sexual harassment . . . or any other civil rights violation described in the IHRA," they are preempted. Warnell v. Ford Motor Co., 1998 WL 748328, at *3 (N.D. Ill. Oct. 22, 1998); Ofoma v. Armour, 1998 WL 409381, at *3 (N.D. Ill. June 25, 1998). To the extent they are based on torts independent from such civil rights violations, however, the claims are not preempted. Warnell, 1998 WL 748328, at *3; Ofoma, 1998 WL 409381, at *4.

Defendant has not argued that plaintiffs are unable to establish the elements of an independent tort. Rather, defendant argues that plaintiffs' negligence claims are preempted because they are based on duties arising from the IHRA. Defendant relies on two cases — Welch v. Illinois Supreme Court, 751 N.E.2d 1187 (Ill. App. Ct. 2001), and Collman v. DG Retail LLC, 2013 WL 5291935 (S.D. Ill. Sept. 19, 2013) —to support this argument. Defendant concedes that in both of these cases the plaintiffs' negligence claims were based on duties arising under or improper motives based on the IHRA.

In the instant case, however, there are several independent tort duties that are unrelated to the IHRA and could support plaintiffs' negligence claims. The duty to train and supervise employees so as to avoid battery and assault does not depend on the IHRA. Arnold v. Janssen Pharmaceutica, Inc., 215 F. Supp. 2d 951, 955 (N.D. Ill. 2002); Toys R Us, 2010 WL 3168299, at *4; French v. STL Distribution Servs., LLC, 2010 WL 4684016, at *3 (S.D. Ill. Nov. 10,

9

2010). Likewise, the duties to protect employees from imminent danger or serious harm and to discharge employees when it is reasonably foreseeable they will do harm to a third party do not depend on the IHRA. Arnold, 215 F. Supp. 2d at 955-56; French, 2010 WL 4684016, at *2. The duty to protect employees from assault and battery also does not depend on the IHRA. Toys R Us, 2010 WL 3168299, at *4; Ishkhanian v. Forrester Clinic S.C., 2003 WL 21479072, at *4 (N.D. Ill. June 25, 2003); Luttrell, 2001 WL 1105125, at *4; Finnane v. Pentel of Am., Ltd., 43 F. Supp. 2d 891, 903 (N.D. Ill. 1999); Ofoma, 1998 WL 409381, at *4. Thus, to the extent a plaintiff's claims depend on these independent duties, the claims are not preempted. See Luttrell, 2001 WL 1105125, at *4 (noting claims are preempted only to the extent the duty is solely grounded in the IHRA).

In the instant case, however, plaintiffs' claims are not preempted because they are based on the independent duties discussed above, not the IHRA's prohibition on sexual harassment. Plaintiffs essentially allege that defendant negligently failed to prevent and respond to battery and assault. This claim is based on the common law duties, not on the IHRA. If the IHRA did not exist, plaintiffs' negligence claims would be unaffected. In fact, plaintiffs' negligence counts never even mention sexual harassment. See Naeem, 444 F.3d at 602-03 (noting that a tort is not preempted if a plaintiff can allege facts sufficient to establish elements of a tort that is "merely incidental" to sexual harassment). Thus, plaintiffs' claims for negligent hiring, supervision, and retention are not preempted to the extent they are based on independent tort duties related to battery and assault. See Harris v. City of Chicago, 2008 WL 2622830, at *4 (N.D. Ill. June 30, 2008) (finding that negligence claims were not preempted where their only mention of discrimination was by incorporation and the negligence claims would remain intact if all

allegations of discrimination were removed); Sinkule v. Fisher Dev., Inc., 2002 WL 1308642, at *5 (N.D. Ill. June 14, 2002) (finding that a claim of negligent supervision was not preempted where all allegations of sexual discrimination could be disregarded without affecting the negligence claims).

Defendant also argues that plaintiffs' negligence claims are preempted because they rely on the same facts, including the same harm, as their Title VII claims. In making this argument, defendant relies largely on Geise v. Phoenix Co. of Chicago, Inc., 639 N.E.2d 1273 (Ill. 1994). This opinion has been "the source of the confusion" as to whether the preemption inquiry focuses on factual similarities. Spahn v. Int'l Quality & Productivity Ctr., 211 F. Supp. 2d 1072, 1076 (N.D. Ill. 2002). The Illinois Supreme Court, however, clarified in Maksimovic that the inquiry "focuses on legal duties, not facts." Id. Because plaintiffs' negligence claims rely on independent torts, the factual overlap between their sexual harassment and negligence claims is not dispositive. See French, 2010 WL 4684016, at *2 (recognizing that it "is not dispositive" that "the facts alleged in the IHRA claim may be duplicative of facts alleged for the negligent retention claim").

Therefore, defendant's motion to dismiss is denied with respect to Counts IV, VIII, XI, and XIV.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss Counts III, VII, X, XIII is granted. Defendant's motion to dismiss Counts IV, VIII, XI, and XIV is denied. The parties are

directed to file a joint status report consistent with this court's form on or before April 3, 2014, and appear for a status conference April 10, 2014, at 9:00 a.m.

**ENTER:**     **March 21, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**